NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. NOBLEE ROSE LITTLEDOG, Defendant - Appellant. | No. 25-1103 D.C. No. 4:24-cr-00002-BMM-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, Chief District Judge, Presiding

Submitted February 3, 2026[**]
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Noblee Littledog ("Littledog") appeals her conviction after a bench trial for assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). The government alleged that Littledog drove recklessly on the Blackfeet Indian

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reservation in Browning, Montana, which caused a car accident and serious bodily injury to her passenger. On appeal, Littledog challenges only the sufficiency of the evidence at trial. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

To secure a conviction under 18 U.S.C. § 113(a)(6), the government must prove, as relevant here, that the defendant acted willfully and recklessly when causing substantial bodily harm to another. *See United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991). Littledog's sole argument on appeal is that no reasonable factfinder could conclude she acted "willfully and recklessly."[1] The government can prove recklessness by showing that the defendant "consciously disregard[ed] a substantial risk" that her conduct would "cause harm to another." *Voisine v. United States*, 579 U.S. 686, 691 (2016) (citation modified).

The government introduced sufficient evidence at trial for a rational factfinder to conclude Littledog's conduct created a substantial risk of harm to her passenger. *See id.* In the moments before the accident, Littledog's accelerator was used at 100 percent power, and she was traveling at least 105 miles per hour. Witnesses testified that she passed two cars in a no-passing zone on a two-lane road immediately before

---

[1] Littledog asserts that "[i]nsufficient trial evidence existed to prove beyond a reasonable doubt that Ms. Littledog . . . recklessly and willfully created a risk of substantial bodily injury." But her substantive arguments focus only on recklessness, and thus she forfeited any challenges to the district court's finding that she acted willfully. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in a party's opening brief are waived.").

the accident, it was dark and windy, and the road curved at the spot where the wreck occurred.

The government also introduced sufficient evidence for a rational factfinder to conclude that Littledog consciously disregarded the risk her conduct created. The government presented evidence that the marked speed limit in the area was 55 or 65 miles per hour, the area was a no-passing zone, and Littledog's passenger repeatedly asked her to slow down because she was driving too fast. Viewing this evidence in the light most favorable to the prosecution, *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018), a rational factfinder could have found that the government met its burden to prove recklessness.

**AFFIRMED.**